UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MIGDALIA PINEDA,**

   **Plaintiff,**

**v.**               **Case No: 6:18-cv-1569-Orl-41DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**
_____/

**ORDER**

  THIS CAUSE is before the Court on Plaintiff's Complaint (Doc. 1), which seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income. United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation ("R&R," Doc. 32) in which he recommends that the Commissioner's final decision be affirmed. Plaintiff filed an Objection to the R&R ("Objection," Doc. 33) to which the Commissioner filed a Response (Doc. 34).[1]

  After a *de novo* review of the record, the Court agrees with the findings of fact and conclusions of law set forth in the R&R. Thus, Plaintiff's Objection will be overruled, and the Commissioner's final decision will be affirmed.

---

[1] The Response contains no substantive argument but instead incorporates the Commissioner's arguments from the Joint Memorandum (Doc. 30). (Doc. 34 at 2).

## I. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

There are two issues that Plaintiff argues on appeal. The first, generally, is that the Administrative Law Judge ("ALJ") did not properly rely on the testimony of the Vocational Expert ("VE"), and the second is that additional evidence warrants remand under sentence six of 42 U.S.C. § 405(g). (Doc. 30 at 6–23, 27–31). In the R&R, Judge Irick disagrees with Plaintiff and recommends that the Court affirm the Commissioner on both issues. Plaintiff's Objection only addresses the first issue.[2] Plaintiff makes multiple arguments, most of which merely repeat the same arguments made in the Joint Memorandum. The Court agrees with the R&R and is unpersuaded by Plaintiff's restated arguments. However, a few of Plaintiff's arguments are made for the first time in the Objection and thus will not be considered but will be identified below. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

The crux of Plaintiff's argument is that the ALJ committed legal error under *Washington v. Commissioner of Social Security* by failing to identify, explain, and resolve two apparent

---

[2] This Order will only address the first issue due to Plaintiff's lack of objection to Judge Irick's recommendations regarding the second issue. And, after a *de novo* review, the Court agrees entirely with Judge Irick's analysis regarding remand and additional evidence.

conflicts Plaintiff contends were created by the VE. In *Washington*, the Eleventh Circuit held that "the ALJ has an affirmative obligation to identify any 'apparent' conflict [between the VE's testimony and the Dictionary of Occupational Titles ("DOT")] and to resolve it." 906 F.3d 1353, 1362 (11th Cir. 2018).[3]

Generally, in the Joint Memorandum, the conflicts that Plaintiff contends the ALJ failed to resolve are that "the [VE] inaccurately testified that [Plaintiff's] past work was 'Light' but in fact, it was 'Medium' . . . exertion work" and that the VE "misclassified [her] past work under a specific job title." (Doc. 30 at 22). The VE found that Plaintiff's job title was "Embroidery Machine Operator" and that Plaintiff performed her job at the medium exertional level—due to the amount of lifting she did—but that according to the DOT the job as generally performed has a light level of exertion. (Hr'g Trans., Doc. 15-2, at 56–58).

A. **Exertional Level**

Regarding exertion level, Judge Irick thoroughly analyzed the hearing transcript and found that there was no conflict, apparent or otherwise, for the ALJ to resolve because the VE did not incorrectly classify Plaintiff's past work as it was performed in the general economy. (Doc. 32 at 7–8). This Court agrees. Plaintiff bears the burden of showing the ALJ not only that Plaintiff cannot perform her past relevant work as it was actually performed but also that she cannot perform it "as it is generally performed in the national economy." *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 832 (11th Cir. 2013); *see also Crozier v. Comm'r of Soc. Sec.*, No. 2:18-cv-169-FtM-MRM, 2019 U.S. Dist. LEXIS 37264, at *7 (M.D. Fla. Mar. 8, 2019); *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010). At the hearing, the VE stated that Plaintiff's past work as

---

[3] The R&R gives a full legal explanation regarding "apparent conflict" and the duty to resolve it. (Doc. 32 at 3–4). For the sake of brevity, it will not be restated here but will be adopted and confirmed and made a part of this Order.

actually performed "may have been performed at the medium level" due to the weight she lifted but that per the DOT as generally performed in the national economy the exertion level is light. (Doc. 15-2 at 57). Thus, the VE agreed with Plaintiff's contention that she cannot perform the job of Embroidery Machine Operator as she actually performed it due to the amount of weight she had to lift. But, the VE then found that she could perform it as it is generally performed since the exertional level as generally performed is light. (*Id.* at 57–59; Doc. 32 at 8). Accordingly, because Plaintiff did not meet her burden to show that she could not perform her past relevant work as it is generally performed, there is no conflict or apparent conflict for the ALJ to resolve regarding the VE's classification of Plaintiff's exertion level relating to "lifting."

### B. Composite Job

The second conflict Plaintiff contends the ALJ did not resolve in the Joint Memorandum is that the ALJ incorrectly "pigeon-holed" Plaintiff's past work into one specific job title—Embroidery Machine Operator—when she actually had a composite job. (Doc. 30 at 9–12, 20–22). Plaintiff contends that this inaccurate identification created a conflict with the DOT because the ALJ considering work "as generally performed" is only appropriate if the job is not a composite job. (*Id.* at 9, 22). Indeed, in the Joint Memorandum Plaintiff argues that her job duties have characteristics of at least seven other jobs. (*Id.*).[4] In her Objection, Plaintiff repeats this argument almost verbatim. (Doc. 33 at 9).

To support her argument, the Joint Memorandum lists the DOT definitions for each of the seven jobs as well as Embroidery Machine Operator. Plaintiff also quotes her hearing testimony, emphasizing words that she deems to be important to the outcome she desires. For example, in her

---

[4] The jobs which Plaintiff contends her work history shares characteristics with are: Hat and Cap Sewer; Cap Maker; Supervisor, Cap-and-Hat Production; Trimmer; Cutter, Hand I; Hat Finisher; and Hat Maker. (Doc. 30 at 9–10).

testimony she states that she did "Embroidery" on items such as "[s]ome kind of cap or a hat and shirts and towels." (Doc. 15-2 at 47). In an attempt to illustrate her point that she was not an Embroidery Machine Operator but instead held a composite job, Plaintiff in both the Joint Memorandum and in her Objection cites to this and other testimony and emphasizes the words "hat" and "cap" each time they appear but leaves "embroidery" and other relevant words un-emphasized. (Doc. 30 at 4–6; Doc. 33 at 5).[5]

Plaintiff is correct that the analysis is different when past relevant work is a composite job. *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018). "To establish that her position was a composite job, Plaintiff had to prove that her job had significant elements of two or more occupations." *Thompson, v. Comm'r of Soc. Sec.*, 8:19-cv-124-T-60JSS, 2020 WL 1067162, at *5 (M.D. Fla. Jan. 15, 2020), *report and recommendation adopted sub nom.*, No. 8:19-cv-124-T-60JSS, 2020 WL 1065181, at *1 (M.D. Fla. Mar. 5, 2020) (internal citation omitted). However, the Court finds Judge Irick's analysis to be clear and correct and agrees with his conclusion that no ambiguity exists "at all." (Doc. 32 at 11). The record evidence makes it clear that the VE was correct in identifying Plaintiff's past work as Embroidery Machine Operator and that she did not occupy a composite job. In Plaintiff's Work History Report (Doc. 15-7 at 12) she writes "Embroidery" under the section "Job Title" and under the description handwrites "Operate embroidery machines." (*Id.* at 25–26). And, in her testimony, after the ALJ asked what she did for her previous employer, she stated "Embroidery," and when asked if she was doing embroidery at a job for a different company she responded "Yes, the same." (Doc. 15-2 at 47, 49). She also stated

---

[5] The Court notes that Plaintiff also reproduced a portion of Plaintiff's testimony that she represents as an exact exchange but that leaves out part of the conversation without denoting that any portion was omitted. (*Compare* Doc. 33 at 5, *with* Doc. 15-2 at 46). Plaintiff is warned that this is very close to the line of misrepresentation and the Court does not take it lightly.

that at her embroidery jobs she used "a machine with 12 heads by computer" and at one point her "own machine which was a 4-head." (*Id.*). The definition of Embroidery Machine Operator in the DOT is the only definition given by Plaintiff that mentions machines with multiple heads and it states, "Tends semiautomatic machine with multiple-sewing heads . . . ." (Doc. 30 at 10). Plaintiff also said in answer to a question about what kind of items she was embroidering, "some kind of cap or a hat and shirts and towels." (Doc. 15-2 at 47). It is clear from the record that Plaintiff was operating an embroidery machine to embroider items such as caps, hats, towels, and shirts.

An additional argument Plaintiff makes in support of her composite job assertion is that Plaintiff was, at one point, a supervisor. (*Id.* at 49 (stating in response to a question about how heavy boxes were that she had to lift at another embroidery job: "I did have to move heavier weight and I was also a supervisor. I did supervise. I was a supervisor there. I also had to supply and take boxes of articles to the other people that I was supervising, plus I was also using my own machine which was a 4-head.")). Plaintiff points out that the DOT description for Embroidery Machine Operator does not include any supervisory duties, while several of the other job descriptions Plaintiff contends apply here do. It is Plaintiff's burden to prove that the requirements from the other job descriptions were some of the "main duties" of her position. *Smith*, 743 F. App'x at 954. There is nothing in the record to indicate, and Plaintiff makes no argument, that being a supervisor or supervising was one of her *main duties*. Indeed, the only evidence regarding what she did as a supervisor was that she brought the articles other employees would embroider to them. (*See* Doc. 15-2 at 49). Plaintiff introduced "no evidence about how much time [s]he spent [supervising] or otherwise establishing that this duty was a significant element of the job." *Smith*, 743 F. App'x at 954. And, there is no other evidence on the record that her past relevant work actually consisted

of the tasks associated with the other seven jobs, despite Plaintiff's attempts to convince the Court otherwise with selective emphases on various words in the transcript.

Plaintiff also contends that because the ALJ did not appropriately classify Plaintiff's job as a composite job, the ALJ incorrectly did not proceed to Step 5[6] and "erred by failing to apply the special grid rule of §[]202.00(c) under Social Security's code of federal regulations, Part 404, Subpart P, Appendix 2." (Doc. 33 at 2). Because the Court finds that the ALJ did not err in finding that Plaintiff was an Embroidery Machine Operator and that she did not have a composite job, the Court need not reach this argument that is contingent on a finding of error of classification.

### C. Plaintiff's Arguments in the Objection Not Made in Joint Memorandum

This Court has the discretion to decline arguments not first raised before the Magistrate Judge. *Williams*, 557 F.3d at 1292.

Plaintiff's primary argument in the Objection is one that is raised for the first time in the Objection. Plaintiff believes her past relevant work description is "virtually identical" to the description for "Hat and Cap Sewer" and that Plaintiff should therefore have been classified as such. (Doc. 33 at 2–3). Plaintiff contends that if she was correctly classified as a Hat and Cap Sewer, the VE would have found that she was disabled. The argument that Plaintiff was actually a Hat and Cap Sewer—which is separate and distinct from the argument that Plaintiff had a composite job—was not made in the Joint Memorandum.[7]

Plaintiff raises one final argument for the first time in her Objection. Plaintiff argues that the ALJ erred by not making specific findings regarding the reasoning, supervisory, and technical

---

[6] The R&R lays out in depth the legal analysis regarding the steps an ALJ must take in determining if a person is disabled and will not be repeated here.

[7] While the Joint Memorandum argues that Hat and Cap Sewer was one of the jobs with descriptions that Plaintiff did for purposes of the composite job analysis, Plaintiff never argues that she was *solely* performing the job of Hat and Cap Sewer.

knowledge demands of Plaintiff's past work as actually performed. (Doc. 33 at 11). However, this argument is an extension of Plaintiff's argument that she should have been classified as a Hat and Cap Sewer. (*See* Doc. 33 at 11–12 ("[T]he undisputed fact that [Plaintiff] was a supervisor and also utilized technical knowledge and skills further bolsters the contention that the job title was virtually identical to that of a 'Hat and Cap Sewer.'")). And, to the extent that Plaintiff is arguing that the ALJ erred in not making a finding regarding these skills, that argument is also not actually made within the Joint Memorandum. Indeed, the only argument regarding supervisory duties in the Joint Memorandum is, as discussed above, that supervisory duties along with embroidery and occasional lifting of hats and caps would qualify Plaintiff's past relevant work as a composite job.[8] There is no argument in the Joint Memorandum that the ALJ committed legal error by failing to address these non-exertional duties as actually performed.

Here, the Court will exercise its discretion and decline to consider these arguments that were not brought before Judge Irick in the Joint Memorandum. *See Williams*, 557 F.3d at 1292 ("Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.'" (internal citations omitted)); *United States v. Durham*, 106 F. Supp. 3d 1301, 1303–04 (N.D. Ga. 2015) ("The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. Indeed, a contrary rule 'would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court.'" (quoting *Williams*, 557 F.3d at 1292) (internal citation

---

[8] It does not appear that Plaintiff had any supervisory role at her most recent embroidery job at "Southeast Imprinted Apparel" but was a supervisor at the business "Say it in Stitches" or "Embroider Concepts"—it is unclear whether those were separate jobs or the same company—where she was employed until potentially 2007. (*See* Doc. 15-2 at 12; Detailed Earnings Query, Doc. 15-6, at 17–19).

omitted)); *Clark v. Rockhill Ins. Co.*, No. 6:18-cv-780-Orl-37LRH, 2019 U.S. Dist. LEXIS 211261, at *4 (M.D. Fla. Dec. 6, 2019).

### III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 32) is **ADOPTED** and **CONFIRMED** and made part of this Order.
2. The Commissioner's final decision in this case is **AFFIRMED**.
3. The Clerk is directed to enter judgment accordingly and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2020.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record